UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HAYK HARUTYUNYAN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-10650-IT |
| | * | |
| LILIT SARGSYAN, | * | |
| | * | |
| Respondent. | * | |

**Order on Respondent's Requests for Fees**

September 29, 2023

    This action was initiated by Petitioner Hayk Harutyunyan, pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 ("the Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, et seq., against Respondent Lilit Sargsyan, after she traveled with their daughter, A.H., from the Republic of Armenia, their country of habitual residence, to the United States. Verified Petition [Doc. No. 1]. Respondent, who contended that she was visiting her brother in Boston, Massachusetts, as a tourist, opposed the child's immediate return. See Verified Answer to Petition for Return of Child ("Verified Answer") [Doc. No. 13]. She contended further that this action was brought in bad faith, raised various defenses, and requested her costs, fees, and expenses. Id. at 26.

    The court bifurcated proceedings and held an evidentiary hearing. On the evidentiary record, the court concluded that Respondent had submitted the question of custody to an Armenian court and was not engaged in international forum shopping, that at the time the child was removed from Armenia, Petitioner was not exercising rights of custody, that Respondent had failed to show that he would have exercised those rights but for the removal, and that

Respondent's removal of the child from Armenia on a tourist visit to the United States, though prolonged by the coronavirus pandemic, was not wrongful under the Convention. Findings of Fact and Conclusions of Law 16, 18-19 [Doc. No. 47]. Accordingly, the court denied Petitioner's <u>Verified Petition</u> [Doc. No. 1] "without prejudice to its renewal should there be a material change in fact," denied his request for fees and costs, and took Respondent's request for fees and costs under advisement. Findings of Fact and Conclusions of Law 21 n.10 [Doc. No. 47].

Petitioner sought reconsideration, <u>see</u> <u>Motion for Reconsideration</u> [Doc. No. 49], and in opposition, Respondent argued that the motion was brought in bad faith and was made "in furtherance of the Petitioner's litigation scheme to weaponize the Hauge Convention in order to harass [her] and gain an advantage in the divorce action pending in the Republic of Armenia." Pet. Opp. 1 [Doc. No. 50]. Respondent asked that the court sanction Petitioner and his counsel for bringing the motion, and for pursuing frivolous litigation in bad faith. <u>Id.</u> The court denied Petitioner's <u>Motion for Reconsideration</u> [Doc. No. 49], <u>see</u> Order [Doc. No. 53], and turns now to Respondent's request for fees and sanctions.

Starting with the sanctions request, Federal Rule of Civil Procedure 11(b) requires that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 11(c)(2) requires further, however, that a motion for sanctions must be made separately from any other motion, must be served on the opposing party, and must not be filed with the court unless the opposing party fails to withdraw its offending papers. Where Respondent did not utilize the Rule 11 procedure, the court may not

consider Respondent's request for sanctions under that rule.

The court turns next to Respondent's request that she be awarded her attorney's fees incurred in defending the action. Respondent cites no authority for the court to award such fees. Under ICARA, a court may order a respondent to pay attorneys' fees incurred by the petitioner. 22 U.S.C. § 9001. The statute includes no provision, however, for a court to order a petitioner to pay the respondent's fees. As such, any effort by Respondent to recover fees incurred in this action would need to proceed by a separate abuse of process or malicious prosecution claim and cannot be awarded by the court in the instant proceeding.

For the foregoing reasons, Respondent's requests for fees are DENIED.

IT IS SO ORDERED.

Date: September 29, 2023                                    /s/  Indira Talwani
                                                                                                        United States District Judge